**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------×

KEVIN RAMOS,

        *Plaintiff,*

    v.

ARLOZOROV9, INC., ERIK LUMER, and JENNA
DOCTOROFF,

        *Defendants.*

------------------------------------------------------------------------×

**24-CV-5444**

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff, Kevin Ramos, by his attorneys, Young & Ma LLP, complains of Defendants as follows:

## PRELIMINARY STATEMENT

1. Plaintiff Kevin Ramos ("Plaintiff" or "Mr. Ramos") seeks damages and costs against Defendants Arlozorov9, Inc. ("Arlozorov9," "Alma," or the "Company"), Erik Lumer ("Lumer") and Jenna Doctoroff ("Doctoroff")(collectively, "Defendants") for discriminating and retaliating against, stereotyping, and wrongfully terminating him based on national origin/race, gender, and sexual orientation, in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. §2000e *et seq.*; the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290 *et seq.*; and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-101 *et seq.*

## JURISDICTION AND VENUE

2. Pursuant to 28 U.S.C. § 1331, this Court has jurisdiction over Plaintiff's claims, as Defendants violated Plaintiff's rights under Title VII.

3. Plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") on or about December 11, 2023.

1

4.      Plaintiff requested a right to sue from the EEOC on or about March 7, 2024.  The EEOC issued the right to sue shortly on or about May 14, 2024.

5.      Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's NYSHRL, and NYCHRL claims as they are so related to the Title VII claims that they form part of the same case or controversy.

6.      Pursuant to 28 U.S.C. § 1391(b), venue is proper in the United States District Court for the Southern District of New York, as a substantial part of the events giving rise to these claims occurred within this District.

## **PARTIES**

7.      Plaintiff, at all times relevant hereto, was and is a resident of Kings County in the State of New York.

8.      Upon information and belief, at all times relevant hereto, Defendant Arlozorov9, Inc. was and is a U.S. corporation incorporated in Delaware and doing business in New York City with offices located at 511 6th Avenue, New York, New York 10011.

9.      Upon information and belief, Defendant Erik Lumer is an individual residing in New York and works in the New York City office of the Company.

10.     Upon information and belief, Defendant Jenna Doctoroff is an individual residing in New York and works in the New York City office of the Company.

## **STATEMENT OF MATERIAL FACTS**

11.     Arlozorov9, also known as Alma, is a mental healthcare provider focused on simplifying access to in-network care. It offers members a suite of services, such as billing, scheduling, and tools for treating patients over video chat.  Arlolorov9 has raised total funding of $220.5M across 5 rounds.

12.     Mr. Ramos graduated from Cornell University with a B.A. in Government.  Before coming to the Company, he worked at companies such as Compass, Inc. and Caper (Instacart).  He is Hispanic and gay.

13.     Mr. Ramos first joined the Company in July 2022 due to his attraction to a platform about affordable healthcare, which is important for policy reasons and because he is a gay, minority male with a mother who had passed away in 2021 during the height of the pandemic.

14.     Mr. Ramos was looking for a positive and empathetic workplace working on a good product.  He turned down another position with a higher compensation offer because Alma convinced him he would have a accepting and better work environment.  During his tenure at the Company, he increased conversion rates from 3.1% to 4.57%.  Mr. Ramos launched calendar syncing, self-scheduling improvements, re-ranking experiments, and search differentiation.  He launched Simplify Reassessment as part of Quality Enablement and was on track to surpass the goal of getting more than 5% of the clients reassessed.  He certainly outperformed his predecessor Alison Walt (White) and Noah Landesberg (straight White younger male).  It was a complete steal to employ him at a $156,000 annual compensation.

15.     However, Mr. Ramos had early disagreements with the hostile work environment set up by Erik (White).  Erik is the head of product and set up a very chauvinistic boys club culture in the startup.  Erik would not let Mr. Ramos speak and favored Jenna (straight White woman and Plaintiff's direct boss), Noah Landesberg (straight White younger male), and Rahul Ajmera (straight younger male).  Erik would ignore Mr. Ramos' ideas and pressure him to agree with his own, and would also put down another non-White woman Jennifer Tara at meetings.  Plaintiff's predecessor Alison Walt (a lesbian woman) chose to leave the Company after reporting issues concerning Jenna.

16.    On March 7, 2023, Mr. Ramos spoke up as a minority gay male to Jenna about Erik taking up a lot of space: "*I've mentioned this issue about the mismatch between accepted CR's and clients to first appointment multiple times in various meetings and this was the first time Erik acknowledged it.  I'm a little frustrated with how much space he takes up in these meetings and the tendency to steamroll.  I get where this is coming from but it does not feel very collaborative.*"

17.    On March 21, 2023, likely because he knew about the complaint, Erik had a disagreement with Mr. Ramos about whether it was appropriate to limit the requests providers receive. Erik's opinion is that he wanted to limit the number of requests providers licensed in multiple states receive.  Mr. Ramos said this is the very reason providers are licensed in multiple states and de-prioritization would be punishing them and also dangerous. When pressuring Plaintiff to agree with him, Erik would speak to Mr. Ramos in assertive and scrutinizing ways that he does not do with straight males on his team such as Noah and Rahul.

18.    At this time, all comments to performance reviews were already in, so Mr. Ramos got a good review on March 28, 2023 but then the events of March 21 quickly caused him to be put on a performance improvement plan by April 10, 2023 and the writing was issued to him on April 15, 2023.

19.    Prior to the altercation, Mr. Ramos' confirmed positive language in the review was:

   a.    "Kevin has extensive knowledge of how the product functions. He has led the analytics team to conduct valuable analyses that have led to a deeper understanding of the product for the whole company."

   b.    "He is open to and actively seeks out his peer's feedback, making others feel invested in and included in the process, and nurtures a culture of inclusion and empathy by creating a safe space for open and honest conversation."

    c.  "Rapid release of Search and Discovery enhancements – including search differentiation, search re-ranking, and calendar syncing.  I'm excited about how Kevin and the squad are thinking about iterating on and experimenting with search differentiation, as well as the iterative approach to the redesign of search filters."

20.    On April 5, upon information and belief, Jenna added new negative notes concerning Mr. Ramos' performance retroactively, as shown in the version history of their 1:1 meeting notes in Google Docs dating back to early February.  The official review had a lot of positive, so Jenna needed to ramp up the internal negative notes to justify a PIP so shortly after and to cover up the discriminatory motives of Erik, who could not stand a younger, gay minority male speaking up about him.  The other gay male Joe was also put on a PIP for gossiping so it appears that the two gay males who did not fit into the White bro culture were the ones targeted.

21.    During this PIP, Mr. Ramos was moved from Search and Discovery, where he was performing really well, to Quality Enablement (which was an obvious design to terminate to say he didn't fit the new team).  The Company also did not want his legitimate complaints to be discussed with his prior team or for anyone else to speak up.  Plaintiff's domain was given to Erik and Jenna's preferred employee, Rahul Ajmera ("Rahul").  Also, Mr. Ramos was going to be demoted to report to Noah Landesberg ("Noah") when the PIP was over and Noah is also a younger, lesser experienced but straight male.  Jenna also said, "I'd be lying if I said Erik did not play a role in this decision," when giving the PIP and its obvious departure from a prior path.

22.    Noah and Rahul's disagreements with Erik were handled much more respectfully and they were allowed to speak more freely as straight men.  Another gay male ex-employee, Joe Forzano, was also typecast as "outspoken" and "difficult."  Erik directly told Joe not to disagree with him in a public setting. The assumption that Joe gossips is very homophobic and anti-gay.

23. After Mr. Ramos left the search and discovery team, the team accomplished much less. By means of example, there were no significant features launched by the team in Q2 and yet Rahul and the team were publicly praised by Jenna and Erik. In Q3, the team adopted the features that were Plaintiff's proposed ideas and work on Filters Redesign and Profile Redesign.

24. On August 29, 2023, without real efforts to help Mr. Ramos improve, and ignoring admissions and comments that he did improve in the PIP period, Plaintiff was terminated after the Company felt they waited the requisite time subsequent to his complaints (which were before the PIP) to terminate him "safely". Prior to executing the discriminatory and retaliatory motives, the PIP window had to be expanded several times as they were constantly trying to "catch" Mr. Ramos with something as there was no basis for termination without appearing extremely retaliatory.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**National Origin/Race, Sex, and Sexual Orientation Discrimination in Violation of Title VII**
**(Against Defendant Arlozorov9)**

25. Plaintiff hereby realleges and incorporates each and every allegation contained in this Complaint with the same force as though separately alleged herein.

26. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000(e) et seq., for relief based upon the unlawful employment practices of Defendant Arlozorov9.

27. Arlozorov9 was Plaintiff's "employer" within the meaning of Title VII.

28. Plaintiff was a male "employee" of Arlozorov9 and is a member of protected classes within the meaning of Title VII.

29. At all times, the Company was aware of Plaintiff's national origin/race, sex, and sexual orientation.

30.     By the conduct alleged in this Complaint, Arlozorov9 discriminated against Plaintiff with respect to the compensation, terms, conditions and privileges of his employment because of his national origin/race, sex, and sexual orientation.

31.     The Company engaged in unlawful employment practices prohibited by Title VII because of Plaintiff's national origin/race, sex, and sexual orientation in the manner described in the Statement of Facts.

32.      Plaintiff suffered adverse employment actions and continuing damage by the Defendant due to his national origin/race, sex, and sexual orientation.

33.     As a direct and proximate result of the Company's unlawful and willful conduct, Plaintiff has suffered and will continue to suffer the loss of income and damage to reputation.  Plaintiff has also suffered and/or will suffer future pecuniary losses, attorney's fees and costs, emotional and physical pain and suffering, inconvenience and other non-pecuniary losses.

34.     As a further direct and proximate result of the Company's unlawful and willful conduct, Plaintiff has suffered and will continue to suffer, among other things, impairment and damage to his good name and reputation, emotional distress, physical injury, mental anguish and lasting embarrassment and humiliation.

35.     Plaintiff is entitled to recover, inter alia, monetary damages and other damages and relief, including, but not limited to back pay, front pay, punitive damages, reasonable attorney's fees, emotional distress damages and compensatory damages from Arlozorov9 under Title VII.

**SECOND CAUSE OF ACTION**
**National Origin/Race, Sex, and Sexual Orientation Discrimination in Violation of NYSHRL**
**(Against All Defendants)**

36.     Plaintiff hereby realleges and incorporates each and every allegation contained in this Complaint with the same force as though separately alleged herein.

7

37.    This Count is brought under the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. L. § 290 et seq., and reference is made to the NYSHRL in its entirety.

38.    At all relevant times, the Company was Plaintiff's "employer" within the meaning of the NYSHRL.

39.    At all relevant times, Plaintiff was an "employee" of Arlozorov9 within the meaning of the NYSHRL.

40.    At all times, Defendants were aware of Plaintiff's national origin/race, sex, and sexual orientation.

41.    Defendants engaged in unlawful employment practices prohibited by the NYSHRL because of Plaintiff's national origin/race, sex, and sexual orientation in the manner described in the Statement of Facts.

42.    Plaintiff is severely limited in his career by Defendants' unlawful conduct due to his national origin/race, sex, and sexual orientation.

43.    Defendants' conduct, as alleged herein, constitutes unlawful discriminatory practices and unlawful discrimination on the basis of sex as defined by the NYSHRL, by engaging in, causing, perpetrating, committing, authorizing, directing, participating in, aiding, abetting, inciting, compelling and/or coercing the unlawful conduct alleged herein, or attempting to do so, in violation of the NYSHRL.

44.    Defendants are also individually and jointly liable for the unlawful conduct herein, including, without limitation, as an "employer" under the NYSHRL and under the "aiding and abetting" provision of the NYSHRL.

45.    Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of Executive Law Section 296.

46.     Plaintiff's damages include, inter alia, financial loss, loss of employment opportunities, damage to his career and professional reputation, and severe emotional distress caused by the degrading conduct and loss of employment opportunities.

47.     Plaintiff is entitled to recover monetary damages and other damages and relief, including, but not limited to, back pay, front pay, compensatory and punitive damages, and costs and attorney's fees from Defendants under the NYSHRL.

**THIRD CAUSE OF ACTION**
**National Origin/Race, Sex, and Sexual Orientation Discrimination in Violation of**
**NYCHRL**
**(Against All Defendants)**

48.     Plaintiff hereby realleges and incorporates each and every allegation contained in this Complaint with the same force as though separately alleged herein.

49.     This Count is brought under the NYCHRL, N.Y.C. Admin. Code § 8-101 et seq., and reference is made to the NYCHRL in its entirety.

50.     At all relevant times, Defendants were an employer and person within the meaning of the NYCHRL.

51.     At all relevant times herein, Plaintiff was an employee and person within the meaning of the NYCHRL.

52.     At all times, Defendants were aware of Plaintiff's national origin/race, sex, and sexual orientation.

53.     Defendants engaged in, and continue to engage in, unlawful employment practices prohibited by NYCHRL because of Plaintiff's national origin/race, sex, and sexual orientation in the manner described in the Statement of Facts.

9

54.    Defendants engaged in, caused, perpetrated, committed, authorized, directed, participated in, aided, abetted, incited, compelled and/or coerced the unlawful conduct alleged herein, or attempted to do so, in violation of the NYCHRL.

55.    Defendants' conduct, as alleged herein, was carried out with malice or reckless disregard for Plaintiff's protected rights to be free from discrimination.

56.    Defendants are individually and jointly liable for the unlawful conduct herein, including without limitation as an "employer" and "employee" under the NYCHRL and under the "aiding and abetting" provision of the NYCHRL.

57.    As a direct and proximate result of Defendants' unlawful and willful conduct, Plaintiff has suffered and continue to suffer injury, with resulting monetary, economic and other damages, including without limitation, lost wages, lost back pay, lost benefits, lost bonuses, interest on the foregoing, and attorney's fees and costs.

58.    As a further direct and proximate result of Defendants' unlawful and willful conduct, Plaintiff has suffered and continue to suffer, among other items, impairment and damage to his good name and reputation, emotional distress, mental anguish, emotional and physical pain and suffering, and lasting embarrassment and humiliation.

59.    Plaintiff is entitled to recover monetary damages and other damages and relief, including compensatory and punitive damages, interest, and attorney's fees and costs from Defendants under the NYCHRL.

**FOURTH CAUSE OF ACTION**

**Retaliation in Violation of**
**Title VII (Against Defendant Arlozorov9) and the**
**NYSHRL and NYCHRL**
**(Against All Defendants)**

60.     Plaintiff hereby realleges and incorporates each and every allegation contained in this Complaint with the same force as though separately alleged herein.

61.     Defendant Arlozorov9 violated Title VII and all Defendants violated the NYSHRL and NYCHRL, because they knowingly retaliated against Plaintiff for objecting to the discrimination at Arlozorov9 as alleged in the Statement of Facts above.

62.     Defendants were aware that Plaintiff engaged in the protected activities alleged above.

63.     Because of his protected activities, Defendants took retaliatory adverse employment actions against Plaintiff as alleged in the Statement of Facts above.

64.     The unlawful retaliation against Plaintiff by Defendants was done with malice and reckless indifference to Plaintiff's protected rights.

65.     As a direct and proximate result of the unlawful retaliation by Defendants, Plaintiff has suffered damage to his career path, adverse job consequences, including economic damages, and continues to suffer damages, including severe mental, physical and emotional stress, pain and suffering, anxiety, stress, humiliation, loss of enjoyment of life and damage to his reputation and career.

## JURY DEMAND

66.     Plaintiff demands a trial by jury.

    **WHEREFORE**, Plaintiff demands a judgment against Defendants as follows:

    A.     Issue a declaratory judgment declaring that the actions of the Defendants, as set forth in this Complaint, violated:  (i) Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*.; (ii) the New York State Human Rights Law, N.Y. Exec. Law. § 290 *et*

11

*seq.*; (iii) the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 *et seq.*; and (iv) that Defendants' foregoing acts of discrimination, harassment and retaliation against Plaintiff were intentional and willful.

B.    Enjoin and restrain the Defendants and all persons acting on their behalf, or in concert with them, from engaging in such unlawful discriminatory and retaliatory practices;

C.    Enter judgment in favor of the Plaintiff, and against the Defendants, for back pay, front pay, and lost benefits, including, among other things, in the amount of the wages and bonuses it is determined that the Plaintiff lost as a result of the Defendants' unlawful, discriminatory and retaliatory conduct, together with interest (and adjusted to make Plaintiff whole for any increased tax liability incurred by his receipt of a lump sum payment in a single year);

D.    Enter judgment in favor of the Plaintiff, and against the Defendants for compensatory damages, including but not limited to, damages for Plaintiff's mental anguish, humiliation, lack of self-respect, emotional and physical pain, suffering and illness, together with interest;

E.    Award the Plaintiff punitive damages;

F.    Award the Plaintiff liquidated damages;

G.    Award the Plaintiff reasonable attorney's fees, interest, and expenses together with the costs of this action;

H.    Award such other and further legal and equitable relief as may be appropriate to redress fully the deprivation of the Plaintiff's rights under the laws cited herein, to prevent their recurrence in the future and to protect other employees from such unlawful behavior; and

I.   Such other and further relief as the court deems appropriate to be determined at trial.

Dated: New York, New York
        July 18, 2024

Respectfully submitted,

By: _____
      Tiffany Ma, Esq.
      Young & Ma LLP
      445 Park Avenue, 9th Floor
      New York, NY 10022
      T: (646) 379-7703
      F: (866) 839-4306
      tma@youngandma.com